IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL "NIYEH" HIGGINS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 23-cv-186-NJR |
| TERI KENNEDY, TARRY WILLIAMS, OFFICER SCHMELTZ, MAJOR PRENTICE, and JOHN DOES 1-20, | ) |
| Defendants. | ) |

## ORDER TRANSFERRING CASE

**ROSENSTENGEL, Chief Judge:**

Plaintiff Samuel "Niyeh" Higgins, a former inmate of the Illinois Department of Corrections ("IDOC"), brings this action for deprivations of her constitutional rights pursuant to 42 U.S.C. § 1983.[1] In the Complaint, Higgins sues staff at both Pontiac and Dixon Correctional Centers (Doc. 1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] Higgins is a transgender woman and uses "her" pronouns (Doc. 1, p. 2).

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

The allegations in Higgins's Complaint occurred while she was housed at both Pontiac Correctional Center which is located in Pontiac, Illinois, and Dixon Correctional Center which is located in Dixon, Illinois. Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action, if there is no district in which the action may otherwise be brought. None of the allegations in the Complaint took place in this district. A substantial part of the events giving rise to Higgins's claims occurred at Pontiac Correctional Center, which is located in Livingston County, and Dixon Correctional Center, which is located in Lee County. Livingston County is situated in the federal judicial district for the Central District of Illinois. 28 U.S.C. § 93(b). Lee County is situated in the federal judicial district for the Northern District of Illinois. 28 U.S.C. § 93(a)(2). Both judicial districts would be appropriate forums for Higgins's claims. Because the majority of the allegations took place while Higgins was at Dixon Correctional Center, the Court finds that the Northern District of Illinois, Western Division, is the appropriate forum for the hearing and determination of this action.

Thus, pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) and on the Court's own motion, **IT IS ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Northern District of Illinois, Western Division, for such further proceedings as that Court may deem appropriate. No summons shall issue in this action unless so directed by the transferee court.

**IT IS SO ORDERED.**

DATED: January 24, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**