Exhibit 2 – Plaintiff's First Request For Production

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

| | | |
|---|---|---|
| SAMUEL "NIYEH" HIGGINS, | ) | Case No. 3:23-cv-50038 |
| | ) | Honorable Philip G. Reinhard |
| Plaintiff, | ) | Magistrate Judge Lisa A. Jensen |
| vs. | ) | |
| | ) | |
| JEFFREYS ET AL. | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND MATERIAL THINGS TO ALL DEFENDANTS**

Plaintiff, by the undersigned attorneys, propounds the following Requests for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure upon all Defendants to be responded to within thirty (30) days after service hereof.

**DEFINITIONS AND INSTRUCTIONS**

1. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, regardless of how it is printed, stored, or reproduced, in the possession and/or control of Defendant or known by Defendant to exist, whether claimed to be privileged or otherwise excludable from discovery. Any document with any marks or notations, including but not limited to initials; routing instructions; date stamps; and any comment, marking or notation of any character, is to be considered a separate document.

2. "Incident" shall mean the occurrences as outlined in Plaintiff's Complaint.

3. "Grievance" shall mean any document filed against Defendant.

4. "PREA complaint" shall refer to any Prison Rape Elimination Act (PREA) document submitted or filed, or call placed or received, by Plaintiff.

5. "Communication" shall refer to any form of communication, including but not limited to letters, memos, e-mails, notes, correspondence, recording, or the like.

6. "Relate," "relating to" or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

7. If there are no Documents in your possession, custody, or control that are responsive to a particular request, please so state and identify such request.

8. If any Documents responsive to this request are known by you to exist but are not in your possession, custody, or control, identify those Document(s) and the Person who has possession, custody, or control thereof.

9. In the event that any Document called for by these Requests has been destroyed or discarded, you shall provide a written document identifying the Document so lost, discarded, or destroyed as completely as possible, providing at least the following information: (a) the type of document withheld; (b) any addressor and addressee; (c) any indicated or blind copy recipients; (d) the Document's date, subject matter, number of pages, and attachments or appendices; (e) all persons to whom the document was distributed, shown or explained; (f) the Document's date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (g) the persons authorizing and carrying out such destruction or discard.

10. If a particular request specifies a date range, and it is impossible to produce documents for that entire range, produce documents for as much of the range as possible and explain why full production is not possible.

11. If any document is withheld under claim of privilege, please list, rather than produce, any such document, identifying the source and nature of the privilege.

12. These Requests are continuing in nature. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, you are required promptly to serve supplementary responses and produce additional documents if you obtain further or different information.

## REQUESTS FOR PRODUCTION

1. Any and all grievances filed by Plaintiff while incarcerated in the Illinois Department of Corrections from March 1, 2018, to May 21, 2021; July 6, 2021, to August 8, 2021, and October 1, 2021, to November 4, 2021.

2. Any and all records, medical and mental health records, clinicians' notes, and other documents related to the determination that Plaintiff was appropriately housed in a men's prison generally, and specifically that Pontiac Correctional Center and Dixon Correctional Center were appropriate placements for Plaintiff.

3. Any and all records, medical and mental health records, clinicians' notes, and other documents related to Plaintiff's suicide attempts while incarcerated in the Illinois Department of Corrections.

4. Any and all internal affairs investigative reports where a Defendant was either the subject of the investigation or interviewed as part of the investigation from March 1, 2018, to March 31, 2022, including, but not limited to, reports filed by transgender inmates and reports alleging a Defendant engaged in physical abuse and/or sexual harassment.

5. Any and all documents, including, but not limited to, incident reports related to strip searches at Pontiac Correctional Center and/or Dixon Correctional Center from March 1, 2018,

to March 31, 2022, involving the examination of an inmate's body and requiring the inmate to remove some or all their clothing.

6. Any and all records and other documents related to reports made by Plaintiff regarding threats received by other inmates, including, but not limited to, threats received from an inmate using the alias "Demon."

7. Any and all medical and mental health records, clinicians' notes, and other documents related to the Defendants' decision to house the Plaintiff in segregation, including, but not limited to, documents reflecting consideration of the Plaintiff's mental health in this decision.

8. Any and all records, reports of disciplinary violations, reports of disciplinary hearings and any other documents related to the decision to place the Plaintiff in segregation at Pontiac Correctional Center and/or Dixon Correctional Center.

9. Any and all PREA complaints filed by Plaintiff from March 1, 2018, to March 31, 2022, as well as the results of the investigations of those PREA complaints.

10. Any and all documents related to Plaintiff's requests for a crisis team, including, but not limited to, crisis forms, from March 1, 2018, to March 31, 2022, as well as the results of the requests.

11. Any and all documents and communications distributed to Illinois Department of Corrections employees from March 1, 2018, to March 31, 2022, informing employees of their responsibilities towards and the legal rights of transgender and gender non-confirming individuals in custody.

12. Any and all documents and communications distributed to Illinois Department of Corrections employees from March 1, 2018, to March 31, 2022, relating to the class action lawsuit *Monroe v. Baldwin*, 3:18-CV-00156-NJR-MAB (S.D. Ill. 2019).

September 20, 2023   Respectfully Submitted,

Niyeh Higgins, Plaintiff

/s/ Kara C. Crutcher
Kara Crutcher
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 E. Chicago Ave., 8th Floor Chicago, IL 60611
Phone: 773-575-9010
kara.crutcher@law.northwestern.edu

/s/ Sheila A. Bedi
Sheila Bedi
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 E. Chicago Ave., 8th Floor Chicago, IL 60611
Phone: 312-503-2492
sheila.bedi@law.northwestern.edu